IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM, 1843.

## Bumberger *against* Clippinger.

A vendee will not be compelled to accept a doubtful title; and the vendor cannot, therefore, recover in an action for the purchase money, when his title depends upon an Act of the Legislature, which authorizes him to sell and convey the estate in fee-simple, in which, before the passage of the Act, he had but a life estate.

ERROR to the Common Pleas of *Cumberland* county.

This was an action of debt, brought by Jacob Clippinger against Christian Bumberger, to recover the purchase money of land sold by the plaintiff to the defendant, in which the following facts were agreed upon and considered in the nature of a special verdict :

On the 28th September 1842, Jacob Clippinger covenanted *to* sell and convey to Christian Bumberger, his heirs and assigns, two tracts or parcels of land ; one tract partly in Cumberland and partly in Franklin counties, containing 86 acres and 105 perches, adjoining lands of Joseph Cressler, John Clippinger, J. W. Hays and others ; the other tract being mountain land, situated in the county of Cumberland, containing 50 acres, and bounded by lands of George Clippinger, John Trone, Esq., and others ; being the same two tracts of land mentioned in the will of Doctor Alexander

(311)

Stewart, as hereinafter stated. By the covenant aforesaid, Jacob Clippinger bound himself to execute and deliver good and valid deeds of conveyance in law, in fee-simple, for the said two tracts or parcels of land, to Bumberger, and to give possession the 1st day of April then next ensuing. In consideration of the premises, Bumberger bound himself in the said covenant to pay to Clippinger, his heirs, executors or administrators, the sum of $5000, and to pay the interest of $500 to Mrs Jane Stewart, widow of Dr Alexander Stewart, deceased, annually, during her natural life, and at her death to pay the principal sum of $500 to Jacob Clippinger. On the 15th October 1842, Bumberger paid on the said agreement $100 to Jacob Clippinger, per receipt written on the agreement. On the 1st April 1843, the time appointed for making and delivering the deeds and paying the residue of the purchase money, Jacob Clippinger, together with Isabella his wife, executed and acknowledged the deeds in due form, tendered the same to Bumberger, and demanded payment of the residue of the purchase money. Bumberger refused to accept the deeds so tendered, and to pay the money. His objection to the deeds was founded on the following facts, which make part of this verdict : Doctor Alexander Stewart in his lifetime was seised of the said lands in fee-simple. On the 22d June 1830 he made his last will and testament. The deed and the will were duly proved, and letters testamentary issued to the executors, &c. Among other devises and bequests in the will, is the following :

" I give and bequeath to my daughter Isabella Clippinger, wife of Jacob Clippinger, during her natural life, and at her death to her children and their heirs in fee-simple for ever, all my farm, part of it in Southampton township, Cumberland county, and part of it in Southampton township, Franklin county, (as above described), the place where she and her husband now live on, to be for her and her family's use during her natural life, and her children and their heirs to enjoy it at her death.

" I do also bequeath to my said daughter Isabella Clippinger, upon the same conditions above-mentioned, 50 acres of my pine lands west of the Baltimore Road, and north of the lower Furnace, adjoining lands of George Clippinger (the other tract as above described). She is to have and enjoy the use of it during her natural life, and at her death her children and their heirs in fee-simple are to enjoy it."

Application was made by petition to the Legislature, by Jacob Clippinger and Isabella his wife, and Mrs Stewart, widow, &c. upon which the following Act of Assembly was passed in due form, the 24th June 1839. Sect. 5. " That Jacob Clippinger and Isabella his wife, late Isabella Stewart, daughter of Doctor Alexander Stewart, late of the borough of Shippensburg, deceased, be and are hereby authorized and empowered to sell the real estate devised by the said Doctor Alexander Stewart, deceased, to the

said Isabella and her children, and to execute deed or deeds or conveyances to the purchaser or purchasers thereof, which said deed or deeds regularly executed by the said Jacob Clippinger and his wife, shall vest the fee-simple estate in the Pine properties to the purchaser or purchasers thereof. Provided however, that no such sale of the property aforesaid, shall be valid or effectual in vesting the fee-simple estate in the properties aforesaid in the purchaser or purchasers thereof, unless the said Jacob Clippinger previous to the execution and delivery of the deed or deeds as aforesaid, shall enter into recognizance in the Orphans' Court of the said county of Cumberland, in such sum as the said court shall deem proper, conditioned for the faithful investment of the proceeds of such sale, so as aforesaid authorized to be made, in other landed property for the benefit and use of the children of the said Isabella Clippinger, after the death of the said Isabella."

On the 23d November 1842, Jacob Clippinger entered into a recognizance in the sum of $4900, in the Orphans' Court of Cumberland county, conformably to the provisions of the Act of 24th June 1839, above referred to. Whether a deed duly executed and delivered to the said Christian Bumberger, his heirs and assigns, by the said Jacob Clippinger and Isabella his wife, in accordance with the provisions of the said Act of Assembly, will vest an estate in fee-simple in the said Christian Bumberger, under these circumstances, the jury is ignorant. If the law is in favour of the plaintiff, the jury find in his favour in the sum of $4900, with interest from the 1st April 1843. If such a deed, so executed and delivered, would not in law vest a title in fee-simple in the said Christian Bumberger, then the jury find for the defendant. If the law is in favour of the plaintiff in regard to the matter above stated, judgment to be entered in his favour for the said sum and interest. If in favour of the defendant, then judgment to be entered for the defendant for $100 and interest, the amount paid in said article of agreement.

The court below rendered a judgment for the plaintiff.

*Biddle,* for plaintiff in error, contended that the Act of Assembly was unconstitutional; that the Legislature had no power to devest the estate of the children and give it to the father. 3 *Story on the Const.* 240, *pl.* 1369, 1385, 1393; *Serg. Con. Law* 355; 1 *Kent's Com.* 413; 6 *Cranch* 67, 134; 2 *Peters* 627, 657, 380, 413; 9 *Cranch* 52, 535; 2 *Dall.* 310; 14 *Serg. & Rawle* 438; *Art.* 8, *sect.* 1, *Const. of Penn.*

*Reed,* contra, argued that it was within the constitutional power of the Legislature, and was the exercise of no greater power than the authority given to the Orphans' Court to devest the estate of minors and convert it into money. 2 *Watts & Serg.* 436.

[Bumberger v. Clippinger.]

The opinion of the Court was delivered by

ROGERS, J.—It is an invariable rule in a Court of Chancery, that a purchaser shall not be compelled to accept a doubtful title, nor will the court compel him to take an estate which it cannot warrant to him. *Heath* v. *Heath*, (1 *Bro. C.* 147) ; *Marlow* v. *Smith*, (2 *P. Will.* 198); *Sugd. Vend.* and the cases there cited. This cause comes before us on a case stated, and has been considered by both parties as in the nature of a bill for the specific perform-ance of a contract, and is of course within the range of the prin-ciple above stated; so that the question really is not so much whe-ther the vendor's title is good, as whether it is so clearly so as to justify the court in directing the vendee to take the estate, and pay his money for it. And this leads to the inquiry, what is the title of the vendor. It depends on the validity of the Act of the 24th of January 1839, which enacts in the 5th section, "that Jacob Clippinger, and Isabella his wife, daughter of Alexander Stewart, be authorized and empowered to sell certain real estate devised by the said Alexander Stewart to his daughter Isabella and her children, and to execute a deed to the purchaser, vesting in him the fee-simple of the estate; with a proviso, that the sale shall not be valid or effectual to vest the fee-simple thereof, unless the said Jacob Clippinger, previous to the execution of the deed, enter into a recognizance in the Orphans' Court of the county of Cumberland, in such sum as the court shall deem proper, condi-tioned for the faithful investment of the proceeds, for the benefit and use of the children after the death of Isabella Clippinger. By the will of Doctor Stewart, he devises to his daughter a life estate, with a remainder in fee to her children; and this is such an estate as cannot be devested by fine and common recovery. To defeat the will of the testator this Act has been passed; and the effect of it is, by a legislative provision, to substitute one property for another, without the assent of the remainder-men in fee, and with-out notice to them, who are infants, or any person to protect their rights, except it be their parents, who have an interest, as they suppose, of their own to serve, adverse to theirs. We do not say that this is beyond the limits of legislative power marked out in the constitution, but we must remark that few, if any instances, can be produced, where the Parliament, with all their transcend-ent power, have in the same manner interfered, and altered a set-tlement made for the benefit of infants. The Legislature directs, that previous to the execution and delivery of the deed, Jacob Clippinger shall enter into a recognizance in the Orphans' Court, conditioned for the faithful investment of the proceeds of sale in other lands; and this direction he has literally complied with by giving his own recognizance. Now, this recognizance is either a lien on the land sold, or it binds Jacob Clippinger alone, without any other security. If the former be the construction, would it be right to compel the purchaser to pay the purchase money, and

[Bumberger v. Clippinger.]

at the same time have his land encumbered to the full amount of its value? If the latter, what security is there on which we can safely rely that the condition of the recognizance will be complied with? Let us suppose, and this is within the course of possibility at least, that he neglects or refuses to reinvest the purchase money in other lands; or let us imagine, what may really happen, that the children, at some distant period after the death of their mother, may become dissatisfied with the exchange, who can assure the title to the purchaser? We cannot warrant the estate to him, for no decision that can be now made will conclude the vested rights of the children. When the time arrives which vests their rights in possession, the then Supreme Court will be at liberty to disregard our opinion as authoritative and binding upon them. The remainder-men are not before us, except indirectly, nor were they represented before the Legislature. They are therefore not concluded; for although their rights are not expressly saved, the Act binds none but the parties, as has been repeatedly ruled.

Judgment reversed, and judgment for defendant.