Estate of Solomon S. Reighard, deceased.   Appeal of
William H. Clouse and George M. Reighard, Execu-
tors of Solomon S. Reighard, deceased.

*Vendor and vendee—Marketable title.*

A title is not marketable where it exposes the party holding it to litiga-
tion.   Under a contract for the sale of real estate the vendee has the right,
not merely to have conveyed to him a good, but an indubitable title.
Only such a title is deemed marketable.

Testator directed as follows: " My farm on which I now reside, and the
mountain land belonging to the same I wish could be rented for say five
years and then sold or should a good opportunity offer then the same shall
be sold sooner, and I desire that Charles buy the same." Charles was tes-
tator's son, and he would have reached the age of twenty-two after the
expiration of the five years.   One year after testator's death the execu-
tors sold the land to A, who entered upon it and shortly afterwards died,
without having paid all of the purchase money.   His estate was not suffi-
cient to pay the balance due.   Shortly after A's death the land was leased
and the rentals were paid to testator's estate.   The executors filed a peti-
tion for specific performance against A's administratrix.   *Held,* that the
orphans' court committed no error in dismissing the petition for specific
performance, as the right of the executors to sell and convey the property
before Charles attained his majority is doubtful.

Argued May 9, 1898.   Appeal, No. 96, Jan. T., 1898, by Wil-
liam H. Clouse and George M. Reighard, from decree of O. C.
Bedford Co., dismissing petition for specific performance.   Be-
fore STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.
Affirmed.

Petition for specific performance.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing petition.

*John H. Jordan,* for appellants.—The orphans' court had juris-
diction: Tilghman's Est., 5 Wh. 43; Bell's App., 71 Pa. 471;
Wapples's App., 74 Pa. 104; Erie, D. S. & L. Co. v. Vincent,
105 Pa. 315; Dundas's App., 64 Pa. 330; Lewis v. Lewis,
13 Pa. 82; Wimmer's App., 1 Whar. 96; Brown's App., 12
Pa. 333; Anshutz's App., 34 Pa. 375; Mussleman's App., 65
Pa. 480.

*E. F. Kerr*, of *Kerr & McNamara*, for appellees.—The orphans' court had no jurisdiction: Miller's App., 159 Pa. 572; Shollenberger's App., 21 Pa. 341; Watts's App., 158 Pa. 13; White v. Patterson, 139 Pa. 438; Bunn's Est., 1 Kulp, 208; Anshutz's App., 34 Pa. 375.

The executors could not make a marketable title: Swayne v. Lyon, 67 Pa. 439; Bumberger v. Clippinger, 5 W. & S. 314; Speakman v. Forepaugh, 44 Pa. 373; Freetly v. Barnhart, 51 Pa. 279; Holmes v. Woods, 168 Pa. 539; Mitchell v. Steinmetz, 97 Pa. 251.


OPINION BY MR. JUSTICE McCOLLUM, May 31, 1899:

The appellants are the executors of the last will and testament of Solomon S. Reighard who died in November, 1894, seized, inter alia, of a farm of 150 acres, and a piece of mountain land of twenty-eight acres, situated in Bloomfield township, Bedford county. It was the manifest desire of the testator that this land should not be sold during the minority of his son Charles, and that when sold Charles should become the purchaser of it. He therefore suggested in his will that the farm and mountain land be rented for a term of five years, at the expiration of which term Charles, if living, would have attained the age of twenty-two years. The language of the will, pertinent to this point, is as follows: "My farm on which I now reside, and the mountain land belonging to the same I wish could be rented for say five years and then sold or should a good opportunity offer then the same shall be sold sooner, and I desire that Charles buy the same." It is upon this clause of the will that the appellants base their claim of a right, at any time after the testator's death, to sell said land whenever they are satisfied that they have a good offer for it. But there is a material difference between a good offer and a good opportunity. It is quite clear that the testator's controlling thought or desire in regard to the disposition of the farm and mountain land was that Charles should become the purchaser of it, but it is not clear that the testator intended that Charles should acquire it by outbidding all competitors, or by a purchase during his minority. The clause we have quoted from the will is somewhat obscure, but the appellants' interpretation of it is so obviously opposed to

the testator's intention respecting the sale of the farm and mountain land, that the correctness of it may well be questioned.

On November 13, 1895, the executors entered into a contract with Aaron Pressel by which they sold to him the land above mentioned for the sum of $6,500, payable as follows, to wit: $3,000 April 1, 1896, $2,500 April 1, 1897, and $1,000 April 1, 1898. No interest was allowed on the purchase money if the payments were made at maturity. Under the contract Pressel was to have possession of the property April 1, 1896, " with privilege to store the goods on the premises by consent of the tenant, and even to move sooner if arrangement " could be made with him. A satisfactory arrangement was made under which Pressel with his family entered upon the premises two or three days before the first of March, 1896. He died March 6, 1896, leaving to survive him a widow and two daughters, one of whom was a minor. On March 13, 1896, letters of administration were issued to his daughter, Carrie Pressel, to whom the appellants on the first of April tendered a deed of the land described in their contract with her father, and of whom they demanded the $3,000 due by the terms of said contract on that day. The administratrix declined to accept the deed or make the payment as requested. Her reasons for refusing to assume the contract were that the estate of her father was insufficient to pay the debt created by it; that his widow and daughters had no estate of their own from which to discharge the debt, and that they were not qualified to operate or manage the farm. In the reasons assigned for the refusal there is no taint of fraud or misrepresentation, and nothing but stubborn facts. The appellants being anxious to enforce the contract petitioned the orphans' court for a rule upon Carrie Pressel, administratrix of Aaron Pressel, deceased, to appear and show cause why a decree for specific performance should not be entered, and why she should not be required to pay the purchase money called for by said contract. The rule was granted and the administratrix filed an answer to it. Upon hearing and due consideration of the petition and answer the learned judge of the orphans' court filed an opinion in which he said in substance that it was exceedingly doubtful whether the deed tendered would have conveyed a marketable title, and that no legislation pertaining to the orphans' court expressly authorizes a decree of specific perform-

ance where the conditions are such as appear in the case at bar. He, therefore, discharged the rule to show cause and denied to the appellants the decree petitioned for.

Whether the executors of Solomon S. Reighard were authorized to sell and convey the farm and mountain land before his son Charles attained the age of twenty-one, is a question which depends on the construction of his will. If any doubt of their authority to do so fairly arises from the will, their contract with Aaron Pressel was not enforceable against him in his lifetime or against his legal representatives after his decease. In Swayne v. Lyon, 67 Pa. 436, the law on this subject is clearly stated by SHARSWOOD, J., as follows : " It has been well and wisely settled that under a contract for the sale of real estate the vendee has the right, not merely to have conveyed to him a good, but an indubitable title. Only such a title is deemed marketable, for otherwise the purchaser may be buying a lawsuit which will be a very serious loss to him, both of time and money, even if he ultimately succeeds. Hence it has been often held that a title is not marketable where it exposes the party holding it to litigation: Ludwick v. Huntzinger, 5 W. & S. 51; Bumberger v. Clippinger, 5 W. & S. 311; Colwell v. Hamilton, 10 Watts, 413; Speakman v. Forepaugh, 8 Wright, 363." There is but one case cited by the appellants which has even a remote analogy to the case at bar. It is Bell's Appeal, 71 Pa. 465, and it relates to the same contract which was under consideration in Mussleman's Appeal, 65 Pa. 480. The learned judge of the orphans' court referring to these cases said : "Mussleman's Appeal, 65 Pa. 480, and Bell's Appeal, 71 Pa. 465, were cited and relied on for authority for the decree which the petitioners ask. Both cases grew out of the same transaction. It was a peculiar and a hard case. The executor had sold the land to Bell at public sale, after which the vendee took possession and cut valuable timber. All the equities were in favor of an enforcement of the contract, and above all it was not the case of a deceased vendee. Neither party to the contract had died. It was a sale without the previous order of the orphans' court, which it was conceded was necessary, and on account of which defect the decree was resisted, but which the Supreme Court suggested could be cured by the orphans' court still ratifying the sale and then holding the vendee to his contract, instead of permit-

·ting him to escape a clear duty on a narrow technicality.   It is not a precedent for the case at bar." In the case before us all the equities are against the enforcement of the contract. Pressel's estate at the time of his death did not exceed in amount $5,000, and about one half of it was on deposit in a bank which failed in the summer of 1896. The deposit was in the bank at the time of its failure, and most all of it is lost. All that remained of the Pressel estate after the failure was not sufficient to pay one half of the purchase money called for by the contract. Another circumstance worthy of notice is that since the first of April, 1896, the farm has been under a lease which secures the rentals to the Reighard estate. The farm is in the same condition that it would have been if the testator's desire concerning the disposition of it had been respected by his executors. The second specification of error is dismissed.

The order discharging the rule to show cause why a decree for specific performance should not be entered is affirmed, and the appeal is dismissed at the cost of the appellants.