## Slotter, Appellant, *v.* Patterson.

*Equity—Specific performance— Assumpsit— Ground rent— Incumbrances—Municipal liens.*

An action of assumpsit brought to recover the purchase money due on a written agreement by which the plaintiff sold to the defendant a yearly ground rent, will be treated as a bill for the specific performance of a contract for the sale of real estate, and the rights of the parties must be determined in accordance with equitable principles applicable in such cases.

A person who agreed in writing to purchase a yearly ground rent

"clear of all encumbrances which affect the principal of the ground rent," is relieved from liability under his contract where it is ascertained that at the date of the agreement and when plaintiff tendered a deed there were certain municipal liens which were first liens against the real estate out of which the rent issued, amounting in the aggregate to a large sum of money.

Argued March 23, 1908. Appeal, No. 388, Jan. T., 1907, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 4,654, discharging rule for judgment for want of a sufficient affidavit of defense in case of Aaron H. Slotter v. Joseph G. Patterson, Jr. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover purchase money of ground rents.

The opinion of the Supreme Court states the case.

The court below in an opinion by STAAKE, J., discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Henry W. Scarborough*, for appellant.

*Homer G. White*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 27, 1908:

This is an action of assumpsit brought by the plaintiff to recover the purchase money due on a written agreement by which the plaintiff sold to the defendant a " certain yearly ground rent for the sum of one hundred and twenty dollars payable half yearly . . . . out of and for all that certain lot or piece of ground with the buildings and improvements there erected situate on the west side of Forty-ninth street" in the city of Philadelphia. The action, therefore, must be treated as a bill for the specific performance of a contract for the sale of real estate, and the rights of the parties must be determined in accordance with equitable principles applicable in such cases.

The plaintiff agreed to convey a title "clear of all incumbrances which affect the principle of the ground-rent." On investigation the defendant ascertained that at the date of the agreement and when the plaintiff tendered a deed there

were certain municipal liens against the property amounting in the aggregate to more than $1,000. He, therefore, refused to pay the purchase price and accept a title to the ground rent, alleging as a reason therefor that the plaintiff could not convey a title, as required by his agreement, "clear of all incumbrances which affect the principle of the ground-rent." This is the only question in the case, and on a rule for judgment for want of a sufficient affidavit of defense, the court below sustained the contention of the defendant and refused judgment.

We need not enter into a discussion to show that the trial court properly disposed of the case. The question involved is clearly and conclusively settled by the decision of this court in Mitchell v. Steinmetz, 97 Pa. 251. That was an action of assumpsit for the recovery of damages alleged to have resulted to the plaintiff, the owner of a ground rent, by reason of the refusal of the defendant, who had purchased it, to take title. The parties submitted a case stated, and it was agreed that the court should " exercise as full equitable powers as if a bill in equity had been filed for specific performance of a contract of sale." The defendant purchased at auction a ground rent of $100 per annum owned by the plaintiff, paying therefore $1,600. The defendant refused to accept a deed on the ground that there existed at the time of the sale and when the deed was tendered, certain taxes and municipal claims against the lot out of which the rent issued, amounting in the aggregate to $1,684.79. The defendant contended that the title to the ground rent sold was not, by reason of the liens, marketable at the time of the sale. It was admitted that the title to the ground rent itself was good and marketable in all other respects, and that the deed tendered was in proper form. The questions of law presented to the court for determination were : (a) Is the defendant relieved from his contract to purchase the ground rent by reason of the existence of the incumbrances upon the real estate out of which the ground rent purchased issued ? and, (b) are the plaintiffs entitled to recover from the defendant the loss sustained by reason of the nonfulfillment by the defendant of his agreement to purchase the ground rent ? The first question was answered in the affirmative and the second question in the negative by the trial

court which entered judgment for the defendant; and on appeal the judgment was affirmed by this court.

It will be observed that the facts of the case at bar are similar to those in the Mitchell case, and the reasoning in the latter case applies with full force to the case under consideration. PAXSON, J., delivering the opinion, said, inter alia (p. 255): " What are the facts here ? The land is heavily encumbered by municipal claims and taxes, which, . . . . are made prior to all other liens and encumbrances. A judicial sale for the arrears of ground-rent, or upon any other encumbrance, will not discharge the lien of the taxes unless the property brings enough to pay them. It is manifest, therefore, that this ground-rent is worthless, or its value greatly impaired by reason of the liens upon the land out of which it issues. These liens affect the title to the land, and whatever impairs the title to the land necessarily impairs the title to a rent issuing out of the land. If the title to the land fails, the title to the rent fails with it. I presume it will be conceded that if this ground rent had been subject to prior mortgage on the land equal to the value of the latter, the title to the rent would have been worthless. In what respect does such case differ from the one in hand ? In either event the rent is subject to a paramount lien upon the thing out of which it issues, and it necessarily sweeps away the title to both."

So far as appears in this record, the municipal claims which are a first lien against the lot out of which the ground rent issues may be equal or almost equal to the value of the lot itself. It is impossible, therefore, to say that these liens will not affect the principal of the ground rent. In fact, if the claims amount to the full value of the property, they would wipe out entirely the ground rent. This is distinctly ruled in the Mitchell case. It is conceded that a sale made upon the municipal liens would discharge the arrears of ground rent at the time of the sale, and that the proceeds would be applicable to the liens. This would necessarily affect the defendant's investment. By the agreement of the parties the defendant purchased the " certain yearly ground-rent for the sum of one hundred and twenty dollars" issuing out of the lot, and to deprive him of any part of that sum deprives him pro tanto of his investment, which is " the principal of the ground-rent."

We think the defendant set up sufficient facts in his affidavit of defense to justify the ruling of the court below, and, therefore, the judgment is affirmed.