# United Brethren Congregation, Appellant, v. Emaus Borough.

*Road law—Opening streets—Consent of owner—Act of May 9, 1889, P. L. 173—Act of June 1, 1911, P. L. 540.*

1. The Act of May 9, 1889, P. L. 173, which provides that no street laid out by any person by a plan of lots, which has not been opened for twenty-one years, shall be opened without consent of the owner, does not apply to a plan of streets made by a borough without the owners of the land having participated therein or dedicated the streets to public use.

2. The Act of June 1, 1911, P. L. 541, which provides that proceedings to open a street shall not be proceeded with by a borough unless the same are started within two years after the passage of the ordinance locating the street, is not retroactive. If proceedings are started within the two years they need not be fully ended within that time.

*Road law—Streets—Burial ground—Act of April 5, 1889, P. L. 397.*

3. The Act of April 5, 1849, P. L. 397, prohibiting the opening of a street through burial grounds does not apply to a case where a borough by ordinance in 1871, prohibited the opening of a burial ground within the borough without the municipal consent, and the borough by ordinance in 1875 laid out a street on land then used for agricultural purposes, and a religious congregation acquired title to the land in 1885, and continued to use it for agricultural purposes until 1910, when it notified the borough that it intended to use the land for a burial ground. In such a case the congregation cannot prevent the borough in 1912, from opening the street in question.

Argued Dec. 2, 1913. Appeal, No. 103, Oct. T., 1913, by plaintiff, from decree of C. P. Lehigh Co., Sept. T.,

1912, No. 2, dismissing bill in equity in case of The Congregation of the United Brethren of the Borough of Emaus and Vicinity v. Borough of Emaus, Daniel R. Miller, Burgess et al. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

TREXLER, P. J., found the facts to be as follows:

1. That the plaintiff is a corporation under and by virtue of the act of general assembly, approved April 29, 1874, P. L. 73, having been duly incorporated by the court of common pleas of Lehigh county on October 19, 1893, the charter thereof being recorded in the office of the recorder of deeds of said county in Charter Docket No. 3, p. 220, and that the office of the corporation is located at the borough of Emaus, Lehigh county, Pennsylvania.

2. The defendants are the borough of Emaus, a municipal corporation in the county of Lehigh and state of Pennsylvania, incorporated and operating under and by virtue of the act of general assembly, approved April 3, 1851, P. L. 320 and D. R. Miller, burgess; James Kidd, John D. Laudenslager, William Miller, Harrison J. Stephen, Martin J. Backenstoe, Charles F. Acker, Albert Hoffert, members of councils of said borough.

3. That the plaintiff is a religious corporation.

4. That the plaintiff on January 16, 1885, by deed of conveyance, dated on said date, and wherein the board of elders of the Northern Diocese of the Church of the United Brethren in the United States of America was the grantor, and the Congregation of the United Brethren of the borough of Emaus, plaintiff, was the grantee, acquired title, inter alia, to two certain tracts of land situate in the borough of Emaus, and bounded and described as follows, to wit: . . . .

5. That on May 6, 1912, the councils of the borough

of Emaus, defendant, passed, and on May 8, 1912, the burgess of said borough approved ordinance No. 130, providing for the opening of Ridge street from Keystone avenue eastwardly to the eastern limits of the borough, which said ordinance reads as follows:

"An ordinance providing for the opening of Ridge street from Keystone avenue eastwardly to the eastern limits of the borough.

"Be it ordained by the council of the borough of Emaus, and it is hereby enacted by the authority of the same.

"Sec. 1. That Ridge street be opened from Keystone avenue eastwardly to the eastern limits of the borough as located to the width of fifty-seven feet."

6. That said Ridge street from Keystone avenue to the eastern limits of the borough passes over and through the lands of the plaintiff as described in paragraph four, supra, and that the entire and full width of the said street is wholly upon the lands of the plaintiff, dividing same into two parts.

7. That the borough of Emaus made a draft and plotted and located the streets of the borough, and that the same was adopted by the borough on November 10, 1875.

8. That at the time of the location of Ridge street on lands now owned by the complainant, the said land at that time and for a long time afterwards was used as farming land by the former owners and subsequently by the complainants up to April, 1910.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*Claude T. Reno*, with him *Richard W. Tobst*, for appellant.—The purpose of the act of 1889 is to relieve land upon which streets have been laid out by the owner, but not opened or used for twenty-one years from the servitude imposed: Quicksall v. Philadelphia,

177 Pa. 301; Cotter v. Philadelphia, 194 Pa. 496; Woodward v. Pittsburg, 194 Pa. 193; Oakley v. Luzerne Boro., 25 Pa. Superior Ct. 425.

.· The remaining question is from what date the two years' limitation is to run. It is contended that the act of 1911 means exactly what it purports, namely, that the street must be opened within two years after the passage of the ordinance locating the street and not thereafter. The Act of April 5, 1849, P. L. 397 applies: Egypt Street, 2 Grant (Pa.), 455; Hyde Park v. Cemetery Assn., 119 Ill. 141.

*Milton C. Henninger*, with him *Francis G. Lewis*, for appellee.

OPINION BY ORLADY, J., February 20, 1914:

The borough of Emaus is a municipal corporation created under and by virtue of the general borough Act of Assembly, approved April 3, 1851, P. L. 320, and its supplements; and under clause 7, sec. 3, it was given authority "To make a draft or plan of the roads, streets, lanes, alleys and courts, opened or laid out, with every explanation necessary to a full understanding of the same, which draft or plan shall be kept by the clerk, and shall be open to public inspection when required." And by the Act of May 16, 1891, P. L. 80, it is provided by § 12, ". . . . No person shall hereafter be entitled to recover any damages for any buildings or improvements of any kind which shall or may be placed or located upon or within the lines of any located street or alley, after the same shall have been located or ordained by councils."

Pursuant to the powers given by sec. 16· of the general borough law of 1851 the council of the borough enacted an ordinance approved December 4, 1871, viz: "After the passage of this ordinance, the opening of any cemetery or burial ground, within the limits of this borough is hereby prohibited, unless by consent of the proper borough authorities."

The court below found (seventh) "That the borough of Emaus made a draft and located the streets of the borough, and the same was adopted by the borough on November 10, 1875," and (eighth), "That at the time of the location of Ridge street (the one over which this controversy arises), on lands now owned by the complainant, the said land at that time and for a long time afterwards was used as farming land by the former owners, and subsequently by the complainant up to April 1910."

The plaintiff is a duly incorporated religious body with a recorded charter, granted by the court of common pleas of Lehigh county on October 19, 1893, under which it is authorized by the laws relating to religious corporations, to hold real estate for burial purposes. By deed dated January 16, 1885, plaintiff's predecessors acquired title to seventeen small parcels of land, embracing that covered by the street in controversy, and all of which are owned by the present plaintiffs. In 1903, the ground originally laid out and used for burial purposes is described by the superintendent of the cemetery to be "four blocks on the southeast of the extension of Ridge street, lot numbers 1 to 36, reading diagonally across 42 to 52, the blank quarter and plots 905 to 908." By the draft offered in evidence, this represents land bounded by Keystone avenue on the southwest, Green street on the southeast, the extension of Ridge street on the northwest, and an eight feet alley on the northeast. The new addition represents land on the northeast and southwest of the old cemetery, six and one-half times the original in area, and all of which as found by the court, had been used prior to April, 1910, for agricultural purposes. On this map, the extension of Ridge street is wholly outside the lines of the old or original cemetery.

On May 6, 1912, the borough directed by ordinance "That Ridge street be opened from Keystone avenue eastwardly to the eastern limits of the borough as lo-

cated, to the width of 57 feet." On July 30, 1912, this
bill in equity was filed to restrain the defendants from
enforcing this ordinance, etc. After full hearing on bill,
answer and proof, the bill was dismissed and the plaintiff
brings this appeal.

An earnest contention is made that the question in-
volved is controlled by the Act of May 9, 1889, P. L.
173, which provides: "That any street, lane or alley,
laid out by any person or persons in any village or
town, plot or plan of lots, on lands owned by such per-
son or persons, in case the same has not been opened
to, or used by the public for twenty-one years, next
after the laying out of the same, shall be and have no
force and effect and shall not be opened without the
consent of the owner or owners of the land on which
the same has been or shall be laid out."

It must be borne in mind that we are not dealing
with an owner's plan of lots, in which the rights of ad-
joining owners to streets is determined by the regularity
of the proceedings in regard to a plan, record and im-
plied dedication to public use, but in the case before
us, the borough by its plan of streets in 1875, fixed this
exact location as Ridge street of the borough. Does
the act of May 9, 1889, apply to such a case? The
words of the act limit its force to "streets, lanes and
alleys laid out by any person or persons, in any village,
plot or plan of lots, on lands owned by such person or
persons."

The leading case on the subject is Quicksall v. Phila-
delphia, 177 Pa. 301, in which it is said: "The distinc-
tion between the sale of lots according to a plan made
by the owners upon which streets are laid out, and the
mere reference in aid of description to streets pro-
jected by a municipality is manifest. In the former
case the inference of dedication arises, in the latter it
does not. The purpose of the act (1889), is to relieve
the land upon which streets have been laid out by the
owner, but not opened or used for twenty-one years,

from the servitude imposed. . . . We have before us only the question of the right of the municipality to open the streets without compensation by reason of the dedication in 1848. The streets were laid out forty-four years before the commencement of the proceedings. They have not been opened to or used by the public. During the whole time the beds of the streets have been in the abutting owners, and used by them. No possession or use was claimed by others." And again in Scott v. Donora Southern R. R. Co., 222 Pa. 634, it is held, "The act declares, as will be observed, that a street dedicated to public use by the owner of the land through which it passes if not opened to, or used by, the public for twenty-one years next after the dedication shall be and have no force and effect."

In the case before us the owner of the land did not make a plot, or sell by it, or impose any servitude on the land. The owner never moved and is now resisting the action of the municipality in asserting its right to complete what was begun in 1875, by actually opening the street in 1912. The act of 1899 has no application to the facts presented by this record.

Appellants urge another statute, in denying the right of the borough to open the street, to wit: the Act of June 1, 1911, P. L. 541, which provides, "That if any borough within this commonwealth has heretofore surveyed, laid out, enacted or ordained, or shall hereafter survey, lay out, enact or ordain any road, street, lane, alley, court or common sewer over or under private property located in whole or in part within the limits of said borough and proceedings to open the same and to assess damages arising therefrom, shall not be proceeded with, within two years from the enactment of said ordinance, it shall be null and void."

Appellant claims, "The street was enacted in 1875, and that the act of 1911, which provides that the proceedings to open the same and assess the damages arising therefrom shall not be proceeded with by the

borough unless the same are started within two years, means, that the street must be opened within two years after the passage of the ordinance locating the street and not thereafter."

It is highly probable that in the years intervening between 1875 and 1911, there were many streets opened under proceedings that had remained dormant for more than two years after the locating ordinance. The limitation cannot affect located streets which have been opened, although opened two or more years after the location. Nor should it affect located streets when the necessary ordinances for the opening of streets have been enacted within two years after the passage of the act. The opening of Ridge street would have been proceeded with—in the words of the statute—and all things done to complete the location by a valid opening within two years after the passage of the act of June 1, 1911, if the proceeding under the opening ordinance of May 6, 1912, had not been halted by the filing of this bill in equity on July 30, 1912. The act does not require that the proceeding to open shall be fully ended within the two years. The limitation prescribed by the act of 1911 cannot be invoked by the plaintiffs unless we give to the act of 1911 a retroactive effect, and such a construction is given only when the courts are constrained to do so by the very words used by the legislature: "Nothing short of the most indubitable phraseology will induce this court to hold that the legislature intended that their acts should have any other than a protective operation," is the rule stated by the Supreme Court in Dewart v. Purdy, 29 Pa. 113. "There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature. Unless such intent is clearly manifest, it will not be presumed that the legislature intended any other than a prospective opera-

tion:" Commonwealth v. Bessemer Co., 207 Pa. 302;
Horn & Brannen v. Steelman, 215 Pa. 187; Lewis v.
Penna. R. R. Co., 220 Pa. 317. In this court the same
rule of interpretation has been followed. In Old Forge
School District, 27 Pa. Superior Ct. 586, RICE, P. J.,
for the court says: "In general a construction giving
to a statute a prospective operation is always to be
preferred, unless a purpose to give it a retrospective
force is expressed by clear and positive command, or
to be inferred by necessary, unequivocal and unavoidable
implication from the words of the statute taken by
themselves, and in connection with the subject-matter,
and the occasion of the enactment, admitting of no
reasonable doubt, but precluding all question as to such
intention." See also Barnesboro Boro. v. Speice, 40
Pa. Superior Ct. 609.

The appellants urge further that the Act of April 5,
1849, P. L. 397, prohibits the opening of the street
through this burial ground or cemetery. This act is
entitled, "To prevent the opening of streets or public
roads through burial grounds, and for the protection
of cemeteries and graveyards." When we take into con-
sideration, that while these plaintiffs owned the ground
now claimed for cemetery uses from January 6, 1885,
it was used by them continuously for agricultural pur-
poses to April, 1910, when the first direct notice the
borough had of an intention to use the land for any
other purpose, and nearly forty years after the passage
of the ordinance of December 4, 1871, prohibiting the
opening of a cemetery or burial ground within the
borough without municipal consent. The court rightly
found that "The opening of Ridge street as located by
the borough, cannot be prevented by the owners of the
land, by putting the use of the land covered by the
located street for cemetery purposes, long after the
location of the street by the borough." Their right to
the protection of the land, for burial purposes under the
provisions of the act of 1849, should date from the time

they actually declare their intention to use it for such a purpose, and not from their inception of title to the land itself. That act did not apply to this land until it was in fact a "cemetery or graveyard."

For the reasons given above, the decree is affirmed.