## Bender v. Akron Borough.

*Harris C. Arnold* and *John A. Coyle,* for plaintiff.

*George T. Hambright* and *John E. Malone,* for defendant.

GROFF, J., Jan. 18, 1930.—The pleadings in this case consist of a bill of complaint, entered and filed in the Court of Common Pleas of this county on March 26, 1929; an answer raising a question of law, filed June 3, 1929; an answer to the facts alleged in the bill, containing new matter, filed Sept. 16, 1929; and a reply to the new material contained in defendant's answer, filed Sept. 27, 1929.

The question raised by these pleadings is: Does the existence of a street laid out by the Borough of Akron, extending south from Main Street, in said borough, over plaintiff's land, as shown on the borough plan adopted by the borough in 1895, and never opened, nor damages paid therefor, constitute a cloud upon plaintiff's title to the land over which this street extends?

## Finding of facts.

1. The plaintiff is a resident of the Borough of Akron, Lancaster County, Pennsylvania.

2. The defendant is the Borough of Akron, a municipal corporation of the Commonwealth of Pennsylvania, and located in Lancaster County.

3. The plaintiff has been the owner in fee simple since 1918, and has been in possession of a certain tract of land which fronts on the south side of Main Street, an existing street in said Borough of Akron.

4. The said tract extends in depth southward from said Main Street 300 feet, more or less.

5. The eastern boundary of plaintiff's said tract intersects said Main Street at a point about 268 feet west of the intersection of Main Street and Ninth Street in said borough, the latter being the state highway leading from Lancaster to Ephrata.

6. Said tract, for a distance of about forty-five feet westward from the said eastern boundary, contains no building.

7. About the year 1895 the defendant borough duly adopted a general borough plan, showing existing and proposed streets.

8. One of the proposed streets on said plan was designated as Eighth Street, and said street still remains on said plan.

9. The said proposed street, as designated on said plan, would have a cartway thirty-three feet wide and a sidewalk eight feet wide on each side of it.

10. The cartway and the western sidewalk of the said proposed street is shown as extending southward from Main Street over and upon the said land of the plaintiff to the southern boundary of plaintiff's land.

11. The said street is laid out only on said plan of 1895, and no proceedings have ever been taken by said borough to open the said street or to assess the damages to the owners of the land over which said street is laid out.

12. No highway, roadway or other passageway along the course of said proposed street now exists or is used by the public.

13. The said land over which the said proposed street is laid out is of the value of about $2000, provided said street is vacated.

14. The plaintiff desires to, and has planned to, erect a dwelling on her said land facing on said Main Street.

15. The plaintiff has been notified and warned by the defendant that she may not build any building on said land except at her own risk, and the defendant has threatened to open the said street without paying any damages to the plaintiff for destruction of any building she may erect on the line of said street.

16. The street in question is known as Eighth Street. It is plotted and shown on the draft of the borough as unopened.

17. No proceedings were ever had by the borough council to open said Eighth Street.

18. On Jan. 28, 1929, the Borough of Akron, through its solicitor, notified the plaintiff's son, who was staking off the ground in question, located on the said Eighth Street, for the purpose of erecting a house, that he desired to call the attention of plaintiff's son to the fact that Eighth Street is a street

plotted on the borough plan, and that if he built upon the said street, when the street is opened, he will be entitled to no damages for any property or building that he may put upon it, and that, in addition, he will be required to remove the same at his own expense.

## Discussion.

In this case plaintiff files a bill in equity, alleging that she is the owner of a certain tract of land located in the Borough of Akron, Lancaster County, Pennsylvania; that the eastern boundary of said tract intersects Main Street in said borough at a point about 268 feet west of the intersection of Main Street and Ninth Street in said borough; that said tract, for a distance of 45 feet westward from its said eastern boundary, contains no buildings; that in the year 1895 the defendant borough duly adopted a general borough plan showing as existing a proposed street; that the proposed street was designated as Eighth Street on said plan; that said street remains on said plan; that said proposed Eighth Street, as designated on said plan, would have a cartway of 33 feet in width and a sidewalk 8 feet wide on each side of it; that the said proposed cartway and the western sidewalk extends southward from Main Street over and upon the land of plaintiff about 300 feet; that said street is laid out only on said borough plan of 1895, and that no proceedings have been taken by the borough to open said street or assess damages to the owners of the land over which said street is laid out; that the plaintiff desires to, and has planned to, erect a dwelling on her said lot where the street is laid out; that the plaintiff has been notified and warned by the defendant that she may not build on said land except at her own risk; and that the defendant is threatening to open said street without paying any damages for any building the defendant may erect thereon, and then prays the court to order and decree as follows:

"(a) That the existence of Eighth Street on the plan of the Borough of Akron is void and of no effect.

"(b) That the said Eighth Street be stricken from the said plan of said borough as a cloud on plaintiff's title.

"(c) That an injunction issue forbidding the Borough of Akron to take any proceedings founded on the said plan of 1895 for the opening of a street over or across the said land of the plaintiff.

"(d) That the plaintiff, or her successors in title, may erect a building or buildings on the said premises free and relieved of any and all effect of the laying out and existence of the said Eighth Street over the said premises on the said plan of 1895, with the same effect as though the said street had never been placed on the said plan.

"(e) For such other relief as equity and justice may demand and the court may deem fit."

The defendant, in its answer, admits the allegations in the first twelve paragraphs of the plaintiff's bill, and then admits the allegations in the fourteenth and sixteenth paragraphs of the plaintiff's bill. Defendant denies the allegations in the thirteenth paragraph of plaintiff's bill, namely, that the land over which the said proposed street is laid out is valuable for building purposes, and alleges that since the adoption of the borough plan of Akron in 1895 the land has had no value for building purposes. In answer to paragraph fifteen of plaintiff's bill, defendant denies that it has notified the plaintiff that it intends to and will proceed to open said Eighth Street in accordance with said plan. In answer to paragraph seventeen, defendant denies that it has failed to open the said proposed street or to assess the damages therefor

within the time allowed by law, and denies that the laying out of said street upon said plan is null and void and of no effect to deprive the plaintiff of damages for the destruction of any building she may erect thereon by the opening of any street thereon, and denies that the delay in opening said street has deprived the defendant borough of all right to open a street over the plaintiff's said land on the basis of said plan, and avers, on the contrary, that it has the right at any time to open a street over the plaintiff's said land on the basis of said plan, which right has not been limited in any way by law. In answer to paragraph eighteen, defendant denies that the existence of said proposed street on said plan constitutes a cloud on the plaintiff's title and deprives her of the full use and benefit of her said land to which she is entitled, and further alleges that the plaintiff took title in 1918, after the adoption of the borough plan, the title thereto being taken subject to the right of the defendant to open the said street. In answer to the nineteenth paragraph of the plaintiff's bill, defendant denies that the opening of any street over the plaintiff's land on the basis of the said plan of 1895 would be illegal and void and would work irreparable injury to the plaintiff. In answer to paragraph twenty, defendant denies that plaintiff will suffer great and irreparable injury in being deprived of the use of her said property for building purposes or in the destruction of any building erected thereon. In answer to paragraph twenty-one, defendant denies that the plaintiff will be unable to sell the said land for its real value by reason of the existence of the said proposed street on said plan unless she is given equitable relief. Then, as new matter, the defendant borough sets up as paragraph twenty-two in its answer:

"22. The defendant avers that the plaintiff is estopped from maintaining the present bill of complaint by the provisions of section 1010 of the Borough Code of 1927, wherein it is provided as follows: 'Complaint may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive.'"

And under new matter, in paragraph twenty-three, alleges:

"23. The defendant is informed and advised by counsel, and therefore believes and avers, that by reason of said act of assembly the plaintiff's exclusive remedy, if any, is in the court of quarter sessions and that this present bill of complaint cannot be maintained."

Plaintiff admits if defendant's contention be correct, as made in the new matter introduced into the answer, "that the plaintiff is estopped from maintaining the present bill of complaint by the provisions of section 1010 of the Borough Code of 1927," and by reason of the said Borough Code has an exclusive remedy, if any, in the court of quarter sessions, then that is the end of this proceeding.

From the evidence it seems that the plaintiff has been in continuous possession of her land since 1898, and that the borough has notified her son, who intended to build upon the land occupied by said proposed street, that he would do so at his own risk and receive no compensation if the land was subsequently used for street purposes. For thirty-five years, then, the borough has made no effort to compensate the plaintiff, or her predecessors in title, for this land. She is unable to sell her land for ordinary uses because of the street having been laid out over it and placed upon the borough plan and because the borough has notified her not to build upon it. Of course we realize

that under the Borough Code, if the borough would pass an ordinance to open this street, plaintiff would be compensated for the land taken, but what is she to do if the borough for the next thirty-five years, as it has done in the past thirty-five years, refuses to open the street?

"To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An existing remedy at law to induce equity to decline the exercise of its jurisdiction in favor of a suitor must be an adequate and complete one. And when from the nature and complications of a given case its justice can best be reached by means of the flexible machinery of a court of equity, in short, where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice:" Penna. R. R. Co. v. Bogert, 209 Pa. 589.

The defendant is not here asking in its answer that the case shall be certified to the law side of the court under the Act of June 7, 1907, P. L. 440, but takes the position that the court of equity has no jurisdiction.

The plaintiff contends that this street being upon the borough plan and the Council of Akron Borough threatening to take it through their notice that whoever builds thereon does so at his own risk, constitutes a cloud upon plaintiff's title. We find in Real Estate and Conveyancing in Pennsylvania, by Robey, at page 16, "a contingent interest which might prevent a desired sale is called 'a cloud upon title.'" The plaintiff claims that her title, as it now stands, is unmarketable, and the Supreme Court of Pennsylvania, in Reighard's Estate, 192 Pa. 108, defines an unmarketable title to be one which exposes a party holding it to the hazard of litigation. If the defendant in this bill insists upon its right to use the land marked upon its plan as a street, it certainly exposes the owner thereof to the hazard of litigation.

Nicholson, in his work on Real Estate in Pennsylvania, says: "There are many kinds of clouds upon a title such as render it unmarketable," and then says:

"3. The so-called defect in title may not be a matter of title at all, but may be merely a possible lien, easement, building restriction, . . . ."

The defendant denies, as we understand the plaintiff's bill, that the Act of June 1, 1911, P. L. 541, which is as follows: "That if any borough within this commonwealth has heretofore surveyed, laid out, enacted or ordained, or shall hereafter survey, lay out, enact or ordain any road, street, lane, alley, court or common sewer over or under private property located in whole or in part within the limits of said borough and proceedings to open the same and to assess damages arising therefrom, shall not be proceeded with, within two years from the enactment of said ordinance, it shall be null and void," relieved her land of the burden of this street, for the reason, as it says, that that act of assembly was repealed by the General Borough Act of May 14, 1915, P. L. 312, which in turn was repealed by the General Borough Act of May 4, 1927, P. L. 519. Both these acts of assembly, while each repeals the prior act, substantially reënact the provisions of the Act of 1911.

It will be noted that the Act of 1911 was in effect over four years, and the question arises whether or not a repeal of that act repealed the rights accruing to the plaintiff under it and while it was in force, but that question we will not discuss here.

We think, as said in Haspel v. O'Brien, 218 Pa. 146, 149, that "when an act expressly repeals a former one and at the same time reënacts its exact provisions, the intent is manifest that there shall be no change in the law." Therefore, the provisions of the Act of 1911 would apparently be in force at the present time.

310

It was decided in the United Brethren Congregation v. Emaus Borough, 56 Pa. Superior Ct. 136, 143, that the street must be opened within two years after the passage of the ordinance locating the street and not thereafter, and indicated that the Act of 1911 operated prospectively, and that the two-year limitation for opening the same and assessing damages therefor began at the date of approval of the act.

It would, therefore, seem to us that the facts proved on the hearing are sufficient to show a probable cloud upon the plaintiff's title, which, if existing, may be removed by a court in equity: Onorato v. Carlini, 272 Pa. 489, 492.

We feel that, in addition to showing a probable cloud upon the plaintiff's title, the notice sent by the solicitor of the borough on Jan. 28, 1929, constitutes a threatened trespass, and, adopting the language used in Bussier v. Weekey et al., 4 Pa. Superior Ct. 69, 72:

"As to the land not taken possession of by the defendants, the bill presents a case where, to repeat the language of Mr. Justice Sharswood, 'the threatened trespass contemplates a permanent occupation and use of the plaintiff's property.' This averment is sufficient to give the court jurisdiction."

We feel that plaintiff is entitled to equitable relief and find the law to be as follows:

### Findings of law.

1. That the existence of Eighth Street on the borough plan of Akron since 1895, without being opened at the time of the filing of this bill, constitutes a cloud upon the plaintiff's title.

2. That the said Eighth Street, so far as it relates to the land of plaintiff, should be stricken from the borough plan of 1895 as a cloud on plaintiff's title.

3. That the Borough of Akron cannot take any proceedings founded on the said plan of 1895 for the opening of said street over and across the land of the plaintiff.

4. That the plaintiff, Laura Bender, has a right to hold, use and enjoy the premises described in the bill free and clear of any effect of the presence of Eighth Street on said plan, and as fully and completely as though said street had never been placed thereon.

### Decree.

And now, Jan. 18, 1930, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the following decree nisi be entered:

1. There shall be, and hereby is, stricken from the plan of the Borough of Akron so much of the street thereon laid out and designated as Eighth Street on the borough plan adopted in 1895 as extends southwardly from Main Street in said borough to the southern boundary of premises owned by Laura Bender, the plaintiff, being a distance of three hundred (300) feet, more or less.

2. The defendant borough shall not enter upon, appropriate or otherwise interfere with the plaintiff's said premises by virtue of the previous ordaining of said Eighth Street, or its existence on the borough plan at any time prior to the date of this decree.

3. That the plaintiff, Laura Bender, and her successors in title, shall hold, use and enjoy the said premises of the plaintiff free and clear of any effect of the presence of said Eighth Street on said plan, and as fully and completely as though said street had never been placed thereon.

4. That the costs of this proceeding be paid by the defendant.

From George Ross Eshleman, Lancaster, Pa.