### ZIMMERMAN v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY.

1. TELEGRAPH COMPANY — CONTRACTS — PAROL EVIDENCE—JURY.— A grant to erect a telephone line must be construed in the light of the surrounding circumstances, and a grant to erect a line "over and along the property which I own or in which I have an interest," with the right to place poles along the streets, roads or highways adjoining the property, does not grant the right to erect a line *diagonally across* grantor's lot, and testimony is admissible to show a contemporaneous parol agreement to erect only one pole on the lot in such position as not to interfere with it for building purposes, and it was not error to submit to the jury whether the location by defendant was within the contract.

2. REHEARING refused.

Before TOWNSEND, J., Spartanburg.     Affirmed.

Action by E. J. Zimmerman against American Telephone and Telegraph Co. From judgment for plaintiff, defendant appeals.

*Mr. Ralph K. Carson,* for appellant, cites: *If grant is free from ambiguity, parol evidence as to contract is error:* 69 S. C., 96; 24 S. C., 128; 117 Ga., 1001; *Tompkins* v. *R. R. Co.,* 21 S. C. *There was no allegation of parol agreement and evidence should not have been admitted:* 19 S. C., 419; 70 S. C., 8.

*Messrs. D. E. Hydrick* and *Johnson & Nash,* contra, cite: *Parol testimony is competent to show an agreement as to which writing is silent:* 61 S. C., 166; 41 S. C., 153; 31 S. C., 313; 26 S. C., 312; 16 S. C., 352; 3 S. C., 332; 21 Ency., 2 ed., 1089, 1091-2, 1094-6. *Testimony is competent as to*

*collateral agreement raised in the pleadings:* 60 S. C., 381; .61 S. C., 329; 70 S. C., 8. *Contract gives defendant no right to place poles on the lot, but only along the streets, &c.:* 4 McC., 100; 22 S. C., 545; Wash. on Eas., 4 ed., 281; 11 Rich., 474; 54 S. C., 432; 32 S. C., 203.

The opinion in this case was filed February 15, 1904, but remittitur was held up on petition for rehearing until

April 25, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action against defendant for damages to his lot in the town of Duncans, Spartanburg County, by reason of defendant's construction of its telegraph lines over the same, which resulted in a judgment for $300 in plaintiff's favor.

The defendant sought to justify its action in the premises under the instrument executed by plaintiff, which is as follows:

"$100. Received of the American Telephone and Telegraph Co., of South Carolina, one dollar in consideration of which I hereby grant unto said company, its successors and assigns, the right to construct, operate and maintain its lines over and along the property which I own or in which I may have any interest, in the township of Beech Springs and town of Duncans, county of Spartanburg, State of South Carolina, including necessary poles and fixtures along the roads, streets or highways adjoining the property owned by me in said town, said sum received in full payment for such right, and in full satisfaction for the trimming of any trees along said lines necessary to keep the wires cleared at least eighteen inches, and with the right to set the necessary guy and brace poles, and attach to trees the necessary guy wires. Any damage done to crops in construction or repairing said lines to be paid by the said company.

"Witness my hand and seal, this 9th day of May, A. D. 1901, at Duncans, S. C."

34—71

In the complaint, plaintiff alleges that said agreement was signed with the distinct understanding that only one pole was to be placed on said land, and at a different part of the lot from where the line was constructed, and at a place where the wires and poles would not interfere with the lot for building purposes, and plaintiff offered parol testimony to show the same. To this, defendant objected on the ground that it tended to vary the written instrument above. The Court admitted the testimony and to this ruling in various forms the first seven exceptions are directed. The remaining exception charges error in the construction of said instrument.

In construing the instrument, the Court charged the jury that it was silent as to the location and number of poles. This charge is not wholly free from error, but the error was not prejudicial to appellant as we construe the instrument. The instrument does not give the defendant an unrestricted right to construct its line upon any part of plaintiff's lot. Observe the language: "To construct, operate and maintain its lines over and along the property— including necessary poles and fixtures along the roads, streets or highways adjoining the property."

Such contracts are to be construed in the light of the circumstances. The lot in question was in the town of Duncans, fronting on Main street 172 yards, and on Welford street 120 yards. The right was not given to construct the lines over and upon plaintiff's land wherever it might suit defendant's interest or convenience, but over and *along* the premises, with right to place poles *along* the streets, etc. The word "along" means by length of, as distinguished from "across." The parties, by the terms of the instrument, had in mind that the construction would be on the lot along the streets adjoining, but not across the lot. The case might have been different if the grant had been to construct the lines *over and upon* the property *and along* roads, etc., adjoining. *Southern Bell Telephone & Telegraph Company* v. *Harris*, 117 Ga., 1001, 44 S. E. Rep., 885. Where one had

a way "in, through, over and along a certain strip of land from A. to B., it was held that he had not thereby a right to a way *across* the strip of land." Washburne on Easements, 3d ed., page 255. Such instruments are to be strictly construed.

The undisputed evidence in this case was that defendant's line, entering the lot sixty-five yards from Main street, ran diagonally across the lot one hundred and eighty-five yards to the corner of Main and Welford streets. As the instrument, strictly construed, did not authorize the construction of the line diagonally across plaintiff's lot, it was more favorable to the defendant than he was entitled to for the Court to charge that the contract was silent as to the location of the line and to submit to the jury to determine whether the location by defendant was within the contract. For the same reasons, it must follow that there was no prejudicial error to allow plaintiff to introduce parol testimony of an understanding had with defendant's agent, when the instrument was executed, to the effect that the line should not cross plaintiff's lot except at a certain corner, and that not exceeding one post should be placed upon the land. If the instrument had been such as to grant defendant the right to cross plaintiff's lot in any line defendant should locate, it would not have been competent (in the absence of allegation of fraud) to show a contemporaneous parol agreement or mutual understanding that the line should be located in a different way from that adopted by the defendant, as that would violate the salutary rule which forbids parol testimony to vary or alter a written instrument. But as defendant's location was not authorized by any written instrument, it is manifest that defendant sustained no injury by the Court's ruling, as defendant was defenseless, unless a parol permission to cross plaintiff's land in the way located should be shown. To this end defendant, in its testimony, sought to establish an agreement between plaintiff and defendant at time of construction or afterwards, under which defendant was to remove the poles as located at any time that the line might interfere

with contemplated improvements on the lands by plaintiff, and at defendant's request, the jury were instructed if such an agreement was established, the plaintiff could not recover unless defendant refused to move the poles when requested.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

2    Petition for rehearing refused by formal order, April 25, 1905.