FINN L. FOSSUME et al., Appellants, v. MARK REQUA, as Executor of JAMES M. REQUA, Deceased, Respondent.

Equity — action for rescission of a contract — contract to convey real property — when purchaser of real property may recover damages for breach of contract on failure of vendor to tender unincumbered title.

1. In an action in equity for the rescission of a contract the general rule is that rescission will not be permitted for a slight or casual breach of a contract, but only for such as are so substantial and fundamental as to defeat the object of the parties making the agreement, but in an action at law to recover damages for failure to perform plaintiffs do not seek the aid of a court of equity, but stand upon their contract, and may recover damages for its breach.

2. The plaintiffs seek in this action to recover damages for the failure to carry out a contract to convey real property. By the terms of the contract defendant agreed to execute and deliver to the plaintiffs a good and sufficient deed of the premises therein described which should contain the usual full covenants and warranty for the conveying and assuring to them the fee simple of the premises. The property purchased was incumbered by a grant to

a telephone company of the right to erect, maintain and renew its poles, wires and fixtures in front of and abutting the property in question. Plaintiffs refused to accept the deed by reason of this incumbrance. *Held,* that the maxim *de minimis non curat lex* can only apply to imperfections in title so slight that the court can say of them that the parties to the action did not have such defects in contemplation, and if they had they would have disregarded them. That is not this case, and plaintiffs are entitled to recover damages for defendant's failure to perform the contract of sale. (*Callanan v. Keeseville, A. C. & L. C. R. R. Co.*, 199 N. Y. 268, distinguished.)

3. Though the existence of the telephone line was a visible construction upon the highway over the lands to be conveyed, which the plaintiffs might have seen at the time of the contract, that furnishes no ground of defense against their claim.

*Fossume* v. *Requa*, 163 App. Div. 890, reversed.

(Argued May 10, 1916; decided June 6, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1914, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The plaintiffs seek in this action to recover damages for the failure to carry out a contract to convey real property. The plaintiffs and James M. Requa, the defendant's testator, entered into a contract whereby Requa agreed to convey to the plaintiffs, for the sum of $56,913.50, a certain farm of 162 acres in the town of Piscataway, Middlesex county, New Jersey. The plaintiffs paid to Requa $5,000 in cash on the execution of the contract and agreed to pay $16,913.50 in cash and $35,000 by a mortgage on the property to be conveyed, at the time fixed for the execution and delivery of the deed.

By the terms of the contract Requa agreed to execute and deliver to the plaintiffs " a good and sufficient deed which shall contain the usual full covenants and warranty for the conveying and assuring to them the fee simple of the said premises."

The plaintiffs learned shortly after making the contract that the property purchased was incumbered by a grant

made by Requa under seal, and recorded in the county clerk's office, as follows:

"In consideration of the sum of one (1) dollar cash in hand paid to me by The New York and New Jersey Telephone Company, the receipt whereof is hereby acknowledged, I hereby grant to the said company, its successors and assigns, the right to erect, maintain and renew its poles, wires and fixtures in front of and abutting my property on the highway, Washington Avenue, leading from Water F. to Township Line, in the township of Piscataway, County of Middlesex, State of New Jersey. Dec. 18/99."

On the day subsequently fixed for closing the contract, the plaintiffs refused to accept a deed tendered by Requa of the lands described in the agreement of sale, because of the outstanding right of the New York and New Jersey Telephone Company to maintain its telephone poles and wires over the premises, and they demanded the return of the $5,000 paid by them as part of the purchase price of the farm, and payment of certain expenses incurred in the examination of title, and also their loss sustained by reason of the failure of Requa to perform the agreement, amounting altogether to $16,000.

*Walter Carroll Low* for appellants. The rights of the public in Washington avenue and the rights of the New York and New Jersey Telephone Company to erect, maintain and renew its poles, wires and fixtures in front of and abutting the defendant's property on both sides of said highway were easements upon the property, agreed to be conveyed by the defendant free of incumbrance. (*Huyck* v. *Andrews*, 113 N. Y. 81; *Remsen* v. *Wingert*, 112 App. Div. 234.) The use of a highway by a telegraph or telephone company is outside the scope of the public easement and constitutes an additional servitude upon the fee. (*Eels* v. *American Tel. & Tel. Co.*, 143 N. Y. 133; *Palmer* v. *Larchmont El. Co.*, 158 N. Y. 231;

*Matter of R. T. R. R. Comrs.*, 197 N. Y. 81; *Richards v. C. W. Supply Co.*, 140 App. Div. 206.)

*Theodore W. Morris, Jr.*, for respondent. The rule that a purchaser will not be relieved from his contract because of trivial or technical defects or incumbrances applies to all sales whether public or private. (*Ungrich v. Schaff*, 119 App. Div. 843; 130 App. Div. 902; 198 N. Y. 565; *Kingsland* v. *Fuller,* 157 N. Y. 507; *Riggs* v. *Pursell*, 66 N. Y. 193.) The existence of this telephone line in the public highway was an open, visible, physical fact of which the purchasers are presumed to have had knowledge when they made their contract and, therefore, affords them no ground for rescission or damages in any event. (Maupin on Marketable Titles, 196; *Hymes* v. *Estey*, 116 N. Y. 501; *Riggs* v. *Pursell*, 66 N. Y. 193; *Kingsland* v. *Fuller*, 157 N. Y. 507; *Pryor* v. *City of Buffalo*, 197 N. Y. 123.)

CUDDEBACK, J. The provisions of the contract for the execution and delivery of "a good and sufficient deed which shall contain the usual full covenants and warranty for the conveying and assuring to them (plaintiffs) the fee simple of the said premises" required a conveyance free from incumbrance. (*Wallach* v. *Riverside Bank*, 206 N. Y. 434.)

The existence of a public highway over land agreed to be conveyed is not an incumbrance of which the buyer may complain. Neither is the existence in the highway of sewers, water mains and gas pipes which are regarded as incidental to the use of the land for highway purposes, such an incumbrance. But it is different with regard to telegraph and telephone wires and poles. They are not placed in the highway for highway purposes. They constitute an additional burden upon the fee and their presence is a violation of a covenant for conveyance in fee. (*Osborne* v. *Auburn Tel. Co.*, 189 N. Y. 393; *Palmer* v.

*Larchmont Elec. Co.*, 158 N. Y. 231; *Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81.)

In this case it is not seriously disputed that the grant to the New York and New Jersey Telephone Company to maintain its poles and wires in Washington avenue was an incumbrance upon the lands to be conveyed, but the defendant's argument is that it was an unsubstantial incumbrance, and under the principle *de minimis non curat lex* the plaintiffs were required to accept the title tendered them. The learned judge at the Trial Term said: "It cannot be successfully contended that the incumbrance in question seriously affected the use or value of the premises," and he rendered judgment for the defendant, relying upon the decision in the case of *Callanan* v. *Keeseville, A. C. & L. C. R. R. Co.* (199 N. Y. 268). That was an action in equity for the rescission of a contract, and the general rule is that rescission will not be permitted for a slight or casual breach of a contract, but only for such as are so substantial and fundamental as to defeat the object of the parties making the agreement.

But we have here a very different case, which is an action at law to recover damages for failure to perform. The plaintiffs do not seek the aid of a court of equity, but stand upon their contract. In answer to the defendant's argument that the easement of the New York and New Jersey Telephone Company is a small matter and does not impair the value of the farm, the plaintiffs say the farm with that incumbrance is not what we bought. We don't want it but we want our money back. There is no law that I know of which justifies the court in refusing to the plaintiffs the relief which they demand. It is not for the defendant or for the court to say that the plaintiffs are too technical, and they ought to be satisfied with something less than the contract gives.

The maxim *de minimis non curat lex* does not apply in such a case. That maxim can only apply to imperfections in title so slight that the court can say of them,

the parties to the action did not have such defects in contemplation, and if they had they would have disregarded them. It may be that the plaintiffs intended to lay out the farm in a high-class residence district. In fact, something of the kind may be inferred from the evidence. The title search brought to the plaintiffs' knowledge the recorded grant made by Requa of a perpetual easement to construct and maintain over the farm a line of telegraph and telephone poles and wires. That may have been a very objectionable incumbrance in the eyes of the plaintiffs, and I think it would be a very startling proposition for the court to say that it was a defect in title which may be disregarded in this action at law.

It is not a case in which the plaintiffs have reaped any advantage from a part performance of the contract, nor a case in which the defendant has tendered compensation for a failure to perform in some minor detail, and the only question is whether the defendant has shown a full performance of the contract as alleged in his answer. Plainly he has not. (*Spence* v. *Ham*, 163 N. Y. 220; *Desmond-Dunne Co.* v. *Friedman-Doscher Co.*, 162 N. Y. 486; *Drew* v. *Goodhue*, 74 Vt. 436; *Arthur* v. *Wynne*, L. R. [14 Ch. Div.] 603; *Hills* v. *Sughrue*, 15 M. & W. [Ex.] 253.)

Though the existence of the telephone line was a visible construction upon the highway over the lands to be conveyed, which the plaintiffs might have seen at the time of the contract, that furnishes no ground of defense against their claim. (*Pryor* v. *City of Buffalo*, 197 N. Y. 123.) There are some cases of judicial sales in which the bidder has been compelled to accept title notwithstanding some minor defect therein, but that rule has not been extended to private contracts. (*Goodrich* v. *Pratt*, 114 App. Div. 771; *Wetmore* v. *Bruce*, 118 N. Y. 319.) The defendant introduced in evidence the statute of New Jersey which allows telegraph and telephone companies to acquire the

right to use a highway for the purpose of erecting poles and stringing wires therein on making compensation to the owners of the soil on the line of the proposed route, but, manifestly, that statute has no application here.

Under the well-settled rules of law, the plaintiffs are entitled to damages for the failure to perform the contract of sale and the judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, SEABURY and POUND, JJ., concur.

Judgment reversed, etc.