On the 14th day of April, 1926, the complainants and defendant entered into an agreement wherein the complainants agreed to sell, and the defendant to buy, certain premises therein described, for the sum of $83,000, to be paid in the manner therein prescribed.
The contract provided that the conveyance should be by deed of warranty, free from all encumbrance excepting certain then existing mortgages, on or before June 14th, 1926, The title was to be good and marketable and such as would be insured by a reputable title company. Time was of the essence of the agreement. It was later agreed that settlement should be made at the office of the Chelsea Title and Guaranty Company, and the title should be insured by that company.
On the day fixed for settlement, the parties appeared, the complainants presented and tendered a deed, the defendant *Page 471 
declared himself prepared to make settlement, but insisted that the title was not such as the contract called for. Objections are made by the defendant as follows:
1. That the deed tendered was a special warranty, and not one of general warranty.
2. That the Chelsea Title and Guaranty Company was not at that time prepared to insure the title.
3. That the Pennsylvania Railroad Company had a right of way over a portion of the premises.
4. That the public had right of way over certain streets or roads upon said premises.
5. That the Delaware and Atlantic Telephone and Telegraph Company had certain rights to maintain poles, wires, c., over parts of said premises.
6. An item upon the settlement sheet concerning an interest as trustee of Stephen Colwell, which became vested in one Abraham Browning, by a declaration of trust dated April 27th, 1866.
The first objection, had it been made at the time of the proposed settlement, could have been readily corrected. This objection does not appear to be discussed by either brief, and is apparently not relied upon.
The second objection, that the title company was not at that date prepared to make settlement, may be considered later.
The third and fourth objections were disposed of at the time of the hearing. The court announced that an examination of the agreement, and the map accompanying it, evidenced clearly that the purchase was to be made subject to these rights.
The agreement in terms describes the beginning point as "at the point of intersection of the center line of Camden and Atlantic railroad, now the West Jersey and Seashore railroad [usually known as the Pennsylvania railroad], with the center line of Center street," and the map delineates certain other streets and highways.
It is true that had there been no physical indications on the ground, of any such streets, the fact that the purchaser before making his contract for a title that would be good and *Page 472 
marketable, free from all encumbrance (excepting certain mortgages), saw a map thereof showing a paper street, does not constitute a waiver of objections to the title because of the public servitude created by the dedication of the street.Simpson v. Klipstein, 89 N.J. Eq. 543.
The fifth objection is the right of way of the Delaware and Atlantic Telephone Company.
The existence of an easement upon premises conveyed is a breach of a covenant against encumbrances. Propper v. Colson, 86 N.J. Eq. 399.
Under a contract to convey real estate "by a good and marketable title, free and clear of all encumbrances," the vendor is bound to have and tender a title free from encumbrances.Simpson v. Klipstein, supra.
The word "marketable" means salable; "encumbrance" means a right to, or an interest in, an estate to the diminution of its value. Bier v. Walbaum, 4 N.J. Adv. R. 251.
I am not inclined to view with great seriousness the exception of the title sheet of the interest, if any, of Abraham Browning in the tract. It is admitted that no such interest exists, and the title company thereafter promptly removed it as an exception.
The complainants contend that the rescission by Taylor on the day set for final settlement was not in good faith. They insist that by the placing of "For Sale" signs upon the premises by Taylor Soloff, the admitted agents of the defendant, and that, manifestly, defendant never intended to urge the existence of the poles as a barrier to his performing the contract. Further, that he, the defendant, was under a high obligation to give timely notice to the complainants of any serious exception appearing upon the certificate in order to give complainant a fair opportunity to have it removed.
The title, on the day set for settlement, was such as would be insured by the title company, excepting the rights of way, and the rights of the telephone company to maintain poles and wires.
Counsel for the complainants says: "At most they [the poles] are only an encumbrance, and there should be a decree to compel performance, subject to an abatement." *Page 473 
This could not be done. It is not similar to a condition where a mortgage is past due and payable, and the money therefore could be retained or paid into court.
It follows, therefore, that the bill must be dismissed. The complainants were unable, upon the day fixed for final settlement, to give a good and marketable title, free from all encumbrances, except the mortgages.