## Bonebrake, Exr., et al., Appellants, *v.* Koons.

Submitted January 23, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. J. White Hutton,* for appellants.

*H. Blair Minick* and *Edmund C. Wingerd,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 22, 1939:

John H. Bonebrake and Harper S. Bonebrake owned a farm property in Franklin County as tenants in common. John died in 1919 and left a will appointing Harry J. Bonebrake his executor and authorizing him to sell his real estate at public sale. In February, 1936, the Bonebrakes (Harper in his own right, Harry as John's executor) agreed in writing to sell the property to Harry M. Koons for $9,000, conveyance to be free and clear of all encumbrances whatever. The agreement, which was signed by Koons, contained a warrant of attorney to confess judgment against him for the amount of the purchase price, less $100 down money paid by Koons when the agreement was signed. The Bonebrakes tendered a deed to Koons in April, 1936, which the latter refused to accept on the grounds that Harry J. Bonebrake had no authority as executor to sell except at public sale and that the property was not free of encumbrances. Thereupon the Bonebrakes entered judgment against Koons on the warrant of attorney contained in the agreement of sale. The court below opened the judgment on petition of Koons, the defendant, and this appeal was taken by the Bonebrakes, as plaintiffs.

No testimony was taken in the court below, by depositions or otherwise, on the petition to open the judgment. However, appellants in their answer to the petition made admissions of certain facts. The question is, therefore,

whether in view of these admissions the court below was justified in opening the judgment.

Appellants admitted that the proposed sale to Koons was a private sale and that John H. Bonebrake's will authorized only a public sale of his interests, but averred that his estate was insolvent at his death; that appellants had filed a debtor's petition in bankruptcy in the United States District Court for the Middle District of Pennsylvania under Section 75 of the Bankruptcy Act of 1898, as amended (11 USCA sec. 203); and that pursuant to the order of that court the conveyance was authorized. A copy of the District Court's decree is set forth in the record as an exhibit attached to appellants' answer, but it therein appears that the adjudication of appellants in bankruptcy was set aside and that appellants were "permitted" by the court, not ordered and directed, to sell the property to Koons. The record before us presents no copy of Bonebrake's will and no further transcript of the proceedings in the District Court; hence it is impossible to ascertain what the nature and extent of those proceedings were or what jurisdiction the court had over the property in question, the subject matter of this controversy. It is conceded, nevertheless, that the power to sell was restricted under Bonebrake's will to a *public* sale. Under Section 28 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447 (20 PS sec. 712), this could not be deemed authority to make the private sale proposed by appellants, unless by order of some court of competent jurisdiction empowered in the premises. The record herein utterly fails to disclose such authority, and without a further showing Koons was justified in taking the position that appellants had no power to convey the land to him. It follows that the court below was fully justified, on the averments and admissions in the petition and answer, in opening the judgment and permitting Koons to offer a defense to appellants' claim.

Other facts supply additional justification for the order appealed from. Appellants admitted that substan-

tial liens exist against the property, arising from a mortgage thereon given by John and Harper Bonebrake, prior to the agreement of sale, to third parties, who as mortgagees had entered judgment against appellants on their bond. Moreover, real estate tax liens for at least five years previous had been indexed against the property. Appellants sought to offset this by offering, in effect, to discharge these liens by payments to be made out of the purchase money. The answer to the petition avers that the purchase money "was sufficient to pay" off all the liens in question, that the mortgagees had agreed to a compromise settlement, that the liens "will be discharged and released," presumably after Koons has paid the money, and that the deed to Koons would convey an unencumbered title, which he was entitled to under the agreement of sale, as provided in the order of the United States District Court. It is not apparent, however, from the foregoing averments that an unencumbered title was in fact proffered in appellants' deed. A contrary and more logical inference is that appellants sought first a conveyance to Koons and receipt of the purchase money, which they then intended to apply to the discharge of the liens on the property. But, for all that appears in the record, neither Koons, the appellee, nor the lienors were subject to the jurisdiction of the District Court, and, as already pointed out, the record of the proceedings in that court is not before us. Appellee had no guarantee that the liens would all be paid off. He could not be required to accept a deed and take his chances that the liens would be discharged, except, possibly, in a suit for specific performance in which all parties in interest were joined. It is by no means clear that, if Koons had sought a decree of specific performance, he could have obtained a conveyance of a marketable title. In such circumstances an action for the purchase money may not be maintained: *Heights Land Co. v. Swengel's Est. et al.,* 319 Pa. 298, 300, 179 A. 431. The vendee under an agreement for the sale of real estate cannot be saddled by the

vendor with a title of doubtful marketability or one inviting the hazard of litigation at the hands of adverse claimants, and where the title offered by the vendor is of such a character recovery of the purchase money will be denied: *Black v. American International Corp.*, 264 Pa. 260, 170 A. 737; *Reighard's Est.*, 192 Pa. 108, 43 A. 413.

Still further objections advanced by appellee as grounds for refusing the deed are the existence of two rights of way across the property for water supply facilities and the direction in the will of Bonebrake, the decedent, for the creation of a family burial ground on the property. These facts are admitted by appellants' answer. To the first appellants replied that appellee, when he executed the agreement of sale, knew of the water easements, which are beneficial to the property, and, to the second, that the provision for the burial lot is impossible to effect, since Bonebrake owned merely an undivided interest. The record is barren of evidence to show whether or not these incumbrances constituted substantial objections to the title. But in any event appellants' admission of their existence, as defects in the unincumbered title which they agreed to convey, afforded justification for the order of the court below permitting Koons to plead to appellants' claim.

An application to open a judgment appeals to the equitable powers of the court: *George v. George,* 318 Pa. 203, 178 A. 25; and is addressed to its sound discretion: *Mutual B. & L. Assn. v. Walukiewicz,* 322 Pa. 240, 185 A. 648. If, as here, sufficient facts are admitted in the plaintiff's answer to the petition to open the judgment to demonstrate that the defendant has, or probably has, a meritorious defense, an order opening the judgment will be sustained: *George v. George,* supra. Such averments in the petition as were admitted by appellants show a substantial likelihood that the debt sought to be enforced against appellee should not be recovered. These undisputed facts, taken at their face value for the purpose of reviewing the order entered by the court below,

bring the case before us for review on the merits, rather than upon the exercise of discretion by the court below: *Bauer v. Hill,* 267 Pa. 559, 564, 110 A. 346; *New Amsterdam B. & L. Assn. v. Moyerman,* 95 Pa. Superior Ct. 47.

The decree is affirmed, at appellant's cost.