## Swan v. Volkert

*William E. Nichols* and *Furst, McCormick, Muir, Lynn & Reeder*, for plaintiffs.

*Walter R. Rice* and *Greevy, Knittle, Fisher & Rice*, for defendants.

WILLIAMS, P. J., June 30, 1961.—Plaintiffs have sued defendants for return of $3,200, which was deposited under an article of agreement for the sale of land. It is alleged that defendants cannot give title free of encumbrances.

Is the recorded right of way granted by defendants to the Pennsylvania Power and Light Company before the execution of the sales agreement such an encumbrance as would entitle plaintiffs, under said agreement of sale, to rescind the contract and regain money paid as deposit and on account?

The question seems to be one of the first impression insofar as the Pennsylvania appellate courts are concerned and although, in our opinion of January 10, 1961, we have answered in the negative, we are of the opinion that the question should be further discussed.

We are of the opinion that the Pennsylvania Power and Light Company easement in this case is essential

to the full and proper enjoyment of the premises. Such easements cannot be objected to as an encumbrance: 3 American Law of Property 137; 4 Tiffany Real Property 139; 14 Am. Jur. 554.

An encumbrance has been defined as " 'every right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance' ": Ritter v. Hill, 282 Pa. 115; Jeffrey Structures, Inc., v. Grimaldi, 186 Pa. Superior Ct. 437. It may be such as affects the title or only the physical condition of the property: Memmert v. McKeen, 112 Pa. 315.

The agreement in this case only affects the physical condition of the property. It works no injury to it. The property in question is in a rural area. Great amounts of money have been made available by the Congress of the United States so that rural properties may have central station electrical service. In 1936, when the Rural Electrification Act was enacted, only about one of every 10 farms were receiving central station electric service. As of June 30, 1954, it was estimated that 92.3 percent of the Nation's farms were electrified. See United States Code Congressional and Administrative News, vol. 2, page 2042, for Eighty-fourth Congress. For us to say that this right of way agreement will diminish the value of the land is adverse to the thinking of the average rural dweller, and adverse to the thinking of our national government. We are of the opinion that electricity received from a central station is essential to the full and proper enjoyment of land. Those who have struggled with oil lamps, carbite or home electrical systems are fully cognizant as to this essentiality.

Nearly every inhabited piece of real estate has available electricity from a central system. In nearly every instance, there is a right of way or an easement of some

kind which allows the power companies to string wires and furnish electricity to the property owner and others on the line. To call such lines, easements and rights of way encumbrances would allow purchasers an easy way to withdraw from real estate contracts. Vendors and purchasers do not consider such as encumbrances when they sign agreements.

In Pennsylvana, it has been held that a public road upon lots of ground which the owner has covenanted to sell and convey is not such an encumbrance as will entitle the vendee to default from the amount of the purchase money in an action of covenant upon the agreement of sale: Patterson v. Arthurs, 9 Watts' 152; Peck v. Jones, 70 Pa. 83. Justice Kennedy in Patterson v. Arthurs, supra, had this to say: "Believing that it has never entered the minds of the parties, when selling and buying lands in this state, to conceive that a covenant against incumbrances extended to public roads or highways, as such, and that the universal understanding of both sellers and purchasers has been in opposition to it, I am inclined to believe, that every one whose mind has been in any degree conversant with the subject, would be somewhat amazed, if not perfectly astonished, to find by a decision of this court, that he had ever been under such a delusion in this respect."

We believe that a power and light right of way is in the same position as a public road, at least unless there is something exceptional about the right of way.

In other jurisdictions, it has been held that an easement of a telephone company to maintain its line over the land does not render the title unmarketable: Sachs et al. v. Owings, 121 Va. 162, 92 S. E. 997. It has also been held that rural road and poles of an electric light company were not encumbrances as to void an agreement to convey land clear of all encumbrances. Suter v. Mason, 147 Ark 505, 227 S. W. 782. Most of the cases

in other jurisdictions, however, rest upon a presumption that the purchaser intended to take subject because the easements were visible. In Pennsylvania, it has been held that the purchaser cannot be required to take even though he knew of encumbrances at the time he entered into the agreement. In the instant case, however, we are holding that the right of way is not an encumbrance. The character of a right of way is the determinative force in holding that it is not an encumbrance. At the present time, it is seldom that land is sold which is not subject to some burden, many of which are not open and visible, but are beneficial rather than detrimental to the premises as a whole. Poles and wires used for telephone or power lines are such. See discussions in 55 Am. Jur., page 711, and 57 A. L. R. at page 1431 and page 1439.

There are many cases in Pennsylvania that hold servitudes as encumbrances within the meaning of an agreement to sell land free of encumbrances. Among these are the following:

The right in a third person to have a drain pipe and water pipe across a porch (Kearney v. Hogan, 154 Pa. 112) ; an ordained street although unopened (Atlantic Refining Company v. Sylvester, 231 Pa. 491) ; a railroad right of way (Strong v. Brinton, 63 Pa. Superior Ct. 267) ; a railroad siding (Nauman v. Treen Box Co., 280 Pa. 97) ; a building constructed in violation of a zoning ordinance (Moyer v. DeVincentis Con. Company, 107 Pa. Superior Ct. 588) ; an existing borough ordinance providing for the widening of a street on the town plan on which street the real estate abutted (Graybill v. Ruhl, 225 Pa. 417) ; a covenant to maintain a wall (Cohen v. Turner, 90 Pa. Superior Ct. 255).

We are in agreement with these rulings, as, in every instance, the servitudes are not essential to the full and proper enjoyment of the premises.

Plaintiffs argue that the right of way in this case is such that the power company can stretch lines over fields or anywhere across the land in question. We are of the opinion that the right of way agreement only allows the construction of poles, wires and fixtures along the highways. The last paragraph of the agreement which talks of relocated highways and the erection of poles and wires along relocated highways confirms our interpretation of the main body of the agreement that the right of way is a right of way along the roads. All such instruments are to be strictly construed. A grant to a telephone company of the right to erect a line "over and along" certain property does not confer any right to erect a line or place poles diagonally across the property: 52 Am. Jur., page 50; Zimmerman v. American Telephone and Telegraph Co., 71 S. C. 528, 51 S. E. 243. . . .

For the reasons we have outlined in this discussion, we are of the opinion that judgment should be entered for defendants in his lawsuit . . .

### Order of Court

And now, June 30, 1961, judgment is hereby entered for defendants.