## Ziskind et al., Appellants, *v.* Bruce Lee Corporation.

*Zeno Fritz,* for appellants.

*Lee A. Donaldson, Jr.,* with him *C. C. Gunst, Jr.,* and *Donaldson, Donaldson & Gunst,* for appellee.

*John L. Doherty,* for additional defendant, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

We must decide two distinct questions with regard to the instant appeal: (1) did the trial court properly enter judgment on defendant's counterclaim for the recovery of a down payment on a land sale contract, and (2) should plaintiff-appellants have been permitted to join as an additional defendant a party to whom a portion of the down payment had been paid in reliance on the validity of the sale agreement?

In October, 1971, appellants, Gerald N. Ziskind and Louis C. Glasso, Inc., and the appellee, Bruce Lee Corporation (hereinafter, "Lee"), executed a written agreement wherein, for the sum of $239,500, payable $75,000 at closing on or before October 31, 1971, and $164,500 with interest by a mortgage to be amortized over a period of ten years, appellants covenanted to convey by a general warranty deed: ". . . a fee simple title, clear of all encumbrances—all that real estate in the Township of McCandless, Allegheny County, Pennsylvania, of record in the Recorder's Office of Allegheny County in Deed Book Vol. 4604, page 313."

When Lee failed to appear for the closing on November 1, 1971, appellants sued Lee in assumpsit to collect the balance owing under the agreement. Lee counterclaimed for the return of the $25,000 hand money which it had paid to appellants, averring that appellants had breached the agreement because of the existence of eleven right-of-way easements, a creek and roads, on the property in violation of the agreement to convey the land "clear of all encumbrances". Under Rule 1035, Lee moved for summary judgment. Approximately 150 days after the counterclaim was served upon the plaintiffs-appellants, appellants sought to join as an additional defendant, the appellee, J. M. Evans, to recover $15,000, which he was retaining and which had been paid to him by appellants. Evans preliminarily objected on the ground of untimely joinder.

On December 18, 1972, a court en banc entered judgment in the sum of $25,000 plus interest against the appellants and in favor of Lee, with the proviso that the judgment was "not to prejudice the right of the plaintiffs to proceed in the within action against the additional defendant, J. M. Evans." After hearing argument, Judge Frederic H. WEIR, on February 6, 1973, sustained Evans' preliminary objections, and dismissed Evans as a party to the original action. This appeal followed.

## I. The Right of Appellants To Enforce the Land Sale Contract

We affirm the lower court's action in this case. The sellers, the appellants herein, expressly covenanted to convey title "clear of all encumbrances". The use of that legal phrase cannot be taken lightly. When a seller so covenants, the buyer is entitled to all of the benefits of such a warranty even if he knows of the existence of an encumbrance at the time of agreement. *Schermer v. Wilmart*, 282 Pa. 55, 127 A. 315 (1925); *McDermott v. Reiter*, 279 Pa. 545, 124 A. 187 (1924).

An encumbrance may be either one which affects the physical condition or use of the property, or one which affects the title of the property. Appellants contend that two factors should bar appellee from avoiding the sale agreement: (1) that the encumbrances which amount only to power and light rights of way do not render the property unmarketable; and (2) that knowledge of the existence of encumbrances is a waiver of the right to avoid the contract after the agreement has been executed.

Our Court in *Volkert v. Swan*, 197 Pa. Superior Ct. 576, 179 A. 2d 274 (1962), clearly set forth the rights of a purchaser of premises encumbered as were the

premises of the appellants herein. The agreement provided for conveyance of title "free and clear of any encumbrances". We stated at 579-580: "The conclusion that the right of way worked no injury to the property, but was essential to its full and proper enjoyment, becomes a wholly unwarranted assumption when the right given extends to the stringing of wires anywhere across the property. . . .

"It has been held that a right in a utility to maintain poles or wires over the premises is a burden which a vendee whose agreement protects him against encumbrances cannot be compelled to accept: Fossume v. Requa, 218 N.Y. 339, 113 N.E. 330 (1916) and Garber v. Stern, 100 N.J. Eq. 470, 135 A. 550 (1927), aff'd 101 N.J. Eq. 742, 138 A. 920 (1927). See Bozdech v. Montana Ranches Co., 67 Mont. 366, 216 P. 319 (1923)."

Our Court further stated: "Finally, even if the Pennsylvania Power and Light Company's right to erect lines across the property in question were in doubt, the grant is sufficiently broad to produce litigation should that company's right ever be questioned. Consequently, the question before us is not whether the company has such right, but whether or not it might reasonably claim such right. . . .

". . . [A] line of telephone poles, wires, or fixtures placed in a highway in front of abutting property under grant from the owner thereof is a violation of a covenant for a conveyance free from encumbrances . . . ." 197 Pa. Superior Ct. at 581-582.

As in *Volkert,* a purchaser cannot be compelled to accept a property encumbered with eleven rights of way. A reading of the provisions granting said rights of way discloses that the grantor allowed for the relocation of said rights of way as the need arose. As in *Volkert,* the question of where the lines are presently located is not controlling, but rather the rights which

subsist in the grantees of the right of way which could lead to future litigation. Such litigation could lead to substantial interference with the use of the property and its quiet enjoyment.

It further has been well established that a vendee in a contract for the sale of real estate may rely upon an express covenant to convey title "free and clear of all encumbrances", and this has been so even though the vendee knew of an encumbrance which affected title. *Evans v. Taylor,* 177 Pa. 286, 35 A. 635 (1896). The vendee may fully expect that his vendor will expunge any encumbrance from the title prior to delivery of the deed.

In the instant case, appellee was entitled to delivery of title as warranted. The lower court properly allowed appellee full recovery of its down payment with interest.

## II. The Right of Appellants Over the Additional Defendant

After plaintiffs-appellants filed their Complaint against Lee, Lee filed an Answer and New Matter in the form of a Counterclaim on January 18, 1972. Appellants filed an Answer to New Matter on January 25, 1972. Thereafter, on June 12, 1972, approximately five months after appellants were served with Counterclaim, appellants filed a Praecipe for Rule to file a Complaint against J. M. Evans, as additional defendant. Appellants' Writ and Complaint were served upon the additional defendant on June 26, 1972. On August 1, 1972, the additional defendant filed Preliminary Objections to appellants' Complaint, alleging in part untimely joinder in violation of Pa. R. C. P. 2253, which imposes a 60-day period of joinder after the service of the initial pleading upon the defendant. As ap-

pellants did not obtain leave of court to file after the 60-day period, Joinder, it was contended, was improper.[1]

Appellants argue that Rule 2253 of the Pennsylvania Rules of Civil Procedure should not be read with Rules 2252 and 2256.[2] They contend that the time limit should only apply to preclude the original defendant and not the party sued on a counterclaim. We fail to distinguish the two situations in order to justify the imposition of a time limit as to original defendants while imposing no time limit to defendants on a counterclaim. Rule 2253 was promulgated to avoid indefinite delay of litigation by the collusive joining of a series of additional defendants and the possibility of protracted discovery in preparation of cases with respect to all parties. See, 3 Goodrich-Amram, *Standard Pennsylvania Practice,* §2253-1. This Rule has been construed as applying to all parties regardless of the manner in which they originally appeared in the suit. *Ibid.,* §2253. The appellants were defendants for pur-

---

[1] Pa. R. C. P. §2253 provides: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

[2] Pa. R. C. P. §2253 provides: "(a) In any action the defendant an additional defendant, or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Pa. R. C. P. §2256(c) provides: "(c) A party against whom a counterclaim is asserted shall have the same right to join anyone as an additional party that is given to a defendant in Rule 2252."

poses of the counterclaim. The lower court properly sustained additional defendant's preliminary objections.

We note, as did the lower court, that appellants may proceed by way of an independent suit for the return of monies retained by J. M. Evans, the appellee. In its opinion, the lower court stated: "It so happens that this decision has no practical adverse effect so far as we can see. The statute of limitations has years to run, and a separate suit by plaintiffs against additional defendant would result in the same situation at trial, as would this present joinder." The statute of limitations for an action for indemnity or contribution does not begin to run until after judgment is obtained in the original action. *First National Bank of Ashley v. Reily,* 165 Pa. Superior Ct. 168, 67 A. 2d 679 (1949); *Fisher v. City of Philadelphia,* 112 Pa. Superior Ct. 226, 170 A. 875 (1934).

In holding that the lower court properly dismissed additional defendant from the appellants' suit under Pa. R. C. P. §2253, we further hold that appellants may, without prejudice, institute a separate suit for recovery of monies held by J. M. Evans.

Orders affirmed.