## Procovich v. Cavaricci

*James David Elder,* for petitioner.

KLEIN, *J.,* January 29, 1976—

## I.  HISTORY

This case stems from an accident which occurred on July 1, 1971. Plaintiffs filed a complaint on June 17, 1974, which was served on defendant, James Cavaricci, on July 8, 1974. On or about September 5, 1975, said defendant petitioned the court for an extension of time to join an additional defendant, Howe-Coleman Bros., Inc. The issue before the court is whether this extension should be granted.

## II.  JOINDER OF ADDITIONAL DEFENDANT

Pa. R.C.P. 2253 provides as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*" (Emphasis supplied.)

If defendant, Cavaricci, is to be granted an extension, he must show cause, since his petition was filed nearly 14 months after he was served with plaintiffs' complaint.

In Zilk v. Heyman, 16 Beaver 180 (1954), the court stated that a petition for an extension of time to join an additional defendant must contain three

elements: It must show (1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant liable alone or liable with, or liable over, to defendant; and (3) must indicate that an extension would not work an undue hardship upon the proposed additional defendant nor prejudice his substantive rights.

While defendant has met the second requirement, he has not fulfilled the remaining elements. Plaintiffs' complaint alleges that the cause of the accident was a defect in the steering mechanism. Defendant alleges that he did not know the steering mechanism was manufactured and installed by the proposed additional defendant until June 1975. In a case involving an allegedly defective product, this may be a reasonable excuse for the delay. But here, other factors must be considered. Defendant, General Motors Corporation, served defendant, Cavaricci, with interrogatories on July 19, 1974. On March 3, 1975, defendant filed answers to these interrogatories. In response to question 4(b) and (e), defendant, Cavaricci, states that Howe-Coleman Bros., Inc., the proposed additional defendant, was responsible for the allegedly defective part. In spite of this defendant waited six months more before attempting joinder. Aside from contradicting his petition, no explanation is offered for this further delay.

Defendant maintains that the additional defendant will suffer no undue hardship as it is already a party to a suit by plaintiffs in Federal District Court. The additional defendant alleges that this suit has not gone beyond the preliminary stages. If this be so, then aside from the expenses of additional counsel, the additional defendant will have to start dis-

covery procedures, delaying the present suit and prejudicing plaintiffs.

In Ziskind v. Bruce Lee Corp., 224 Pa. Superior Ct. 518, 307 A.2d 377 (1973), it was stated that Pa. R.C.P. 2253 was promulgated to avoid the indefinite delay of litigation by the collusive joining of a series of additional defendants and the possibility of protracted discovery in preparation of cases with respect to all parties. The necessity of showing cause before late joinder is allowed is solely for the benefit of plaintiff, since the rule was designed to protect his cause of action: Dilbeck v. Bar-Van Enterprises, Inc., 55 D. & C. 2d 177, affirmed per curiam, 221 Pa. Superior Ct. 756, 289 A.2d 137 (1971). Clearly, if the additional defendant has not participated in discovery, plaintiffs will face the hardships Pa. R.C.P. 2253 was designed to prevent.

In Topper v. Arway, Inc., 55 D. & C. 2d 195 (1971), affirmed per curiam, 221 Pa. Superior Ct. 732, 288 A.2d 543 (1972), the petition for leave to join an additional defendant one year after defendant was served with the complaint was denied. The court stated that there was not sufficient cause where the reason alleged for the delay was clerical oversight, especially since joinder after a year would subject plaintiff to unreasonable delay in the prosecution of his case. Defendant admits in his answers to interrogatories, filed March 3, 1975, that he knew Howe-Coleman Bros., Inc. manufactured the allegedly defective part, yet his petition was not filed until September 5, 1975. Even if he did not know of this until June 1975, as he alleges, no excuse is offered for the three-month delay. Thus, defendant is really giving no excuse or explanation for the delay.

In Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d

638 (1970), defendant alleged that the delay of more than 13 months in attempting to join the additional defendant was caused by his inability to confer with his client, who was in the service. The court found that counsel for defendant was not diligent in preparing his case and denied his petition for an extension of time. It is interesting to note the court's consideration of Pa. R.C.P. 2253.

"Whether there is 'cause shown' for the allowance of an extension of time for the defendant to file a praecipe joining an additional defendant is a matter within the discretion of the lower court . . .

"The rule does not specify what is sufficient cause for an extension nor does it delineate the factors that the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use . . . these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties . . . without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

". . . [The length of delay], in and of itself, is not detereminative . . . [It] must be viewed in the context of the particular case.

". . . if joinder were permitted, a separate trial may be prevented with consequent saving of time and expense, avoidance of multiplicity of suits and prevention of inconsistent verdicts by different juries . . . Yet, such joinder may also result in a delay in the trial, because the proposed additional defendant has not participated in discovery proceed-

ings . . . Before the defendant can ask the court to help him secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself."

Aside from the delay that would result if the extension were granted, it is more than evident that defendant, Cavaricci, has not acted expeditiously. Aside from his failure to explain the delay in attempting to join Howe-Coleman Bros., Inc., he has not been cooperative in other respects. On February 11, 1975, the court, in response to motions by defendant, General Motors Corporation, ordered defendant, Cavaricci, to file answers to interrogatories and produce available parts for inspection. Thus, defendant has already delayed this prosecution. Such continued lack of diligence should not be tolerated.

There are other considerations which should be mentioned. The statute of limitations has run with respect to the additional defendant's sole liability to plaintiffs. Defendant can only bring the additional defendant on the record based on joint or several liability: Dickson v. Lewandowski, 228 Pa. Superior Ct. 57, 323 A.2d 169 (1974).

In Holtby v. Mason, 41 D. & C. 2d 143 (1966), preliminary objections were sustained and joinder was to be stricken unless defendant filed an amended complaint asserting facts pointing to joint and several, rather than sole, liability. There, as in the instant case, the statute of limitations had run. This fact could cause further delay. Defendant in this case is not without remedy. He could bring an action for indemnification. The statute of limitations for such an action does not begin to run until after judgment is obtained in the original action: Ziskind, supra.

388

In the present action, all delays have been the fault of the defendant, Cavaricci. Due to his lack of diligence, defendant, General Motors Corporation, was compelled to file motions to compel answers to interrogatories and to obtain the allegedly defective parts. While defendant contends he had no knowledge of Howe-Coleman Bros., Inc.'s role until June 1975, his answers to interrogatories show that he knew as early as March 3, 1975. Cause for this delay goes without any explanation, let alone a reasonable excuse or justification. The other parties to this action should not have to suffer for the inexcusable conduct of defendant. The petition for an extension of time to join an additional defendant should be denied.

### ORDER

And now, January 29, 1976, it is ordered, adjudged and decreed that the petition by original defendant, James Cavaricci, for extension of time in which to join additional defendant be, and it is hereby, refused.