Memorandum. The order of the Appellate Division should be affirmed. For the reasons stated by the Appellate Division the plaintiff was entitled to summary judgment on the first cause of action. We would emphasize however that in this contract of sale, the defendant specifically agreed to convey to the plaintiff "by warranty, deed good title to the property free *920 of all liens and encumbrances”. It is conceded that there is a common driveway located partially on the subject property and partially on the adjoining property; that there is a written agreement which grants an easement to both owners for the purpose of using the driveway, and that this easement is not specifically excepted in the contract of sale. The question is whether this common driveway is an encumbrance.
It is settled that an easement is an encumbrance (see, e.g., Fossume v Requa, 218 NY 339) and obviously a purchaser need not accept title subject to an encumbrance if the contract specifies conveyance of title free of all encumbrances. The rule applies even though there is no showing that the encumbrance actually diminished the current market value of the property (Fossume v Requa, supra; cf. Bull v Burton, 227 NY 101, 112). Defendant’s reliance on Riggs v Pursell (66 NY 193) is misplaced since that case involved a judicial sale. As we later noted in the Fossume case (supra, at p 344): "There are some cases of judicial sales in which the bidder has been compelled to accept title notwithstanding some minor defect therein, but that rule has not been extended to private contracts.”
Thus the defendant was unable to convey title in accordance with the contract and the plaintiff was entitled to return of the deposit and the incidental relief granted by the Appellate Division.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.